UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA BOOKER<br><br>Plaintiff,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC, a Delaware Limited Liability Company d/b/a Shellpoint Mortgage Servicing; MTGLQ INVESTORS, L.P., a Delaware Limited Partnership; and MCCALLA RAYMER LEIBERT PIERCE, LLC, a Georgia Limited Liability Company f/d/b/a Pierce & Associates, P.C.<br><br>Defendants | CASE NUMBER 1:17-cv-<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, Pamela Booker ("Plaintiff"), by and through her attorneys, Paul M. Bach and Penelope N. Bach of Bach Law Offices, and complaining of NEW PENN FINANCIAL, LLC, a Delaware Limited Liability Company d/b/a Shellpoint Mortgage Servicing; MTGLQ INVESTORS, L.P., a Delaware Limited Partnership; and MCCALLA RAYMER LEIBERT PIERCE, LLC, a Georgia Limited Liability Company f/d/b/a Pierce & Associates, P.C. (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this complaint for damages resulting from violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and Defendant's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2 ("ICFA").

1

2. All of the claims stated herein stem from the continued wrongful servicing and debt collection activities from the Defendants in violation of the Automatic Stay in the Chapter 13 Bankruptcy case of the Plaintiff (11 U.S.C. 362).

## JURISDICTION AND VENUE

3. This action arises under, and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §§1640, 1692, and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

5. Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

6. The Plaintiff is a natural person residing at 1940 Pleasant Hill Lane, Lisle, Illinois.

7. At all times relevant to this action, New Penn Financial, LLC was a Delaware limited liability company d/b/a Shellpoint Mortgage Servicing ("Shellpoint") who engaged as a national mortgage servicer debt collection firm with a principal office located in Plymouth Meeting, Pennsylvania.

8. At all times relevant to this action, MTGLQ Investors, L.P, was a Delaware Limited Partnership ("MTGLQ") engaged as an owner of mortgages and debt collector with a principal office located in New York, New York.

9. At all times relevant to the action, McCalla Raymer Leibert Pierce LLC f/d/b/a was a law firm with a principal office located in Roswell, Georgia with an office located in Chicago, Illinois ("McCalla").

10. McCalla in the business of collecting debts in the state of Illinois.

11. Based on information and belief, Pierce & Associates, P.C. merged into McCalla in June, 2016 and that McCalla is liable for any and actions taken by Pierce & Associates, P.C. or its agents.

12. Shellpoint, MTGLQ and McCalla are the business of collecting mortgage debts in the State of Illinois.

### FACTS SUPPORTING CAUSE OF ACTION

13. On or about March 13, 2008, Pamela Booker and Gary Booker executed a Note for the real property, commonly known as 1940 Pleasant Hill Lane, Lisle Illinois (the "real estate"). The Note was titled "Note" and a copy of this document is attached as an Exhibit. *See* Exhibit A, a true and correct copy of the Note.

14. On or about March 13, 2008, Pamela Booker and Gary Booker also executed a Mortgage for the real estate. The Mortgage was titled "Mortgage" and a copy of this document is attached as an Exhibit. *See* Exhibit B, a true and correct copy of the Mortgage.

15. This Note and Mortgage was related to the real estate and the lender on the Note was The Kent Group, Ltd. and the Mortgagee on the Mortgage was Mortgage Electronic Registration Systems, Inc.

16. Kent Group, Ltd and Mortgage Electronic Registration Systems, Inc. on or about March 13, 2008 transferred and/or assigned the Note and Mortgage to Chase Home Finance, LLC. *See* Exhibit C, a true and correct copy of the Assignment of Mortgage from Kent Group, Ltd. to Chase Home Finance, LLC dated March 13, 2008 and recorded February 28, 2011.

17. Chase Home Finance, LLC merged into JPMorgan Chase Bank, National Association on or about April 27, 2011. *See* Exhibit D, a true and correct copy of recorded merger statement

18. In 2010, Pamela Booker defaulted on the Note and foreclosure proceedings were commenced thereafter in the Circuit Court of DuPage County, Illinois (Case Number 10 CH 7261).

19. JPMorgan Chase Bank, N.A. on or about April 2, 2014 transferred and/or assigned the Note and Mortgage to Federal National Mortgage Association. *See* Exhibit E, a true and correct copy of the Assignment of Mortgage from JPMorgan Chase Bank, N.A. to Federal National Mortgage Association dated April 2, 2014. While Federal National Mortgage Association was the mortgagee, the servicer was Seterus, Inc.

20. On or about April 4, 2016, Federal National Mortgage Association transferred and/or assigned the Note and Mortgage to MTGLQ. *See* Exhibit F, a true and correct copy of the Notice of Assignment, Sale or Transfer of Ownership of Mortgage Loan from Federal National Mortgage Association to MTGLQ dated April 4, 2016.

21. On or about April 4, 2016, Federal National Mortgage Association transferred the servicing rights to Shellpoint. *See* Exhibit G, a true and correct copy of the Notice of Servicing Transfer dated April 27, 2016.

22. On May 25, 2016, the Pamela Booker filed a voluntary case under Chapter 13 of Title 11 of the United States Code ("Bankruptcy Code") under Case Number 16 B 17589 ("the bankruptcy filing"). Additionally, prior to filing of the bankruptcy filing, Pamela Booker had filed a prior case under Chapter 13 of the Bankruptcy Code as Case Number 14 B 21792 on June 10, 2014 and was dismissed February 27, 2015 (dismissed more than one year prior to the bankruptcy filing).

23. On May 25, 2016 as stated above Pamela Booker filed the Bankruptcy Petition. Upon filing the Bankruptcy Petition, Penelope N. Bach immediately sent via facsimile the Notice of

case filing. *See* Exhibit H, a true and correct copy of the Proof of Service of this Bankruptcy case on McCalla.

24. On May 25, 2016, Penelope N. Bach maid a telephone call to McCalla to confirm receipt of the Notice of Bankruptcy Filing.

25. Shellpoint and MTGLQ were listed as creditors in the bankruptcy filing. *See* attached Exhibit I, a true and correct copy of Pamela Booker's Schedule D from her bankruptcy filing.

26. On May 28, 2016, the Bankruptcy Noticing Center (BNC) served all creditors listed in Pamela Booker's bankruptcy petition, including but not limited to Shellpoint and MTGLQ with the Notice of Bankruptcy Case, Meeting of Creditors & Deadlines. *See* Exhibit J, a true and correct copy of the May 26, 2016 Notice of Bankruptcy Case, Meeting of Creditors & Deadlines.

27. On May 28, 2016, the Bankruptcy Noticing Center (BNC) served all creditors listed in Pamela Booker's bankruptcy petition, including but not limited to Shellpoint and MTGLQ Pamela Booker's Chapter 13 Plan. *See* Exhibit K, a true and correct copy of the May 26, 2016 Chapter 13 Plan.

28. On August 18, 2016, Shellpoint on behalf of MTGLQ filed Proof of Claim 6-1 in Northern District of Illinois Case Number 15 B 16742 (Chapter 13 case of Gary Booker) claiming a total amount due by the Debtor in this case of $444,263.49 and arrears of $0.00. *See* Exhibit L a true and correct copy of Proof of Claim 6-1 in Case Number 15 B 16742. Pamela Booker believes this Proof of Claim was filed in error based on the fact that her name and case number is on the Proof of Claim.

29. On August 5, 2016, the Bankruptcy Noticing Center (BNC) served all creditors listed in Pamela Booker's bankruptcy petition, including but not limited to Shellpoint and MTGLQ

Pamela Booker's Chapter Modified 13 Plan. *See* Exhibit M, a true and correct copy of the August 3, 2016 Chapter 13 Plan.

30. On September 16, 2016, the Honorable Donald R. Cassling confirmed Pamela Booker's Chapter 13 Plan. *See* Exhibit N, a true and correct copy of the Order Confirming Chapter 13 Plan.

31. During the pendency of the current Chapter 13 case, Shellpoint, MTGLQ and McCalla have not made a Motion to Modify the Automatic Stay and as to Shellpoint, MTGLQ and McCalla the automatic stay pursuant to 11 USC 362 remains in full force in effect as of the filing of this Complaint. *See* Exhibit O, a true and correct copy of the Bankruptcy Court Docket in Case Number 16 B 17589.

32. On February 24, 2017, Pamela Booker received a Notice of Sale mailed on February 17, 2017 by McCalla. This Notice of Sale set a Foreclosure Sale for March 7, 2017 by the DuPage County Sheriff in violation of the Automatic Stay in the Bankruptcy Case. *See* Exhibit P, a true and correct copy of the Notice of Sale.

33. The Notice of Sale is itself misleading and deceptive as Federal National Mortgage Association has not had an ownership interest for over a year.

34. Concerned over these violations of her rights and protections afforded by the Chapter 13 bankruptcy case, Pamela Booker sought the assistance of counsel to ensure that Shellpoint, MTGLQ and McCalla collection efforts in violation of the automatic stay cease.

35. Pamela Booker suffered emotional distress and anxiety as a result of Shellpoint, MTGLQ and McCallas" actions.

36. Pamela Booker was unduly inconvenienced and harassed by Shellpoint, MTGLQ and McCallas' unlawful attempts to collect a debt that could not legally be collected as Pamela Booker was protected by her Bankruptcy filing.

### Count I – Violation of The Fair Debt Collection Practices Act
Against NEW PENN FINANCIAL, LLC, a Delaware Limited Liability Company d/b/a Shellpoint Mortgage Servicing

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

39. The subject debt and related unauthorized fees qualify as a "debt" as defined by FDCPA § 1692a(5) as each arises out of a transaction for personal, family, or household purposes.

40. Shellpoint is a "debt collector" as defined by FDCPA § 1692a(6) because Shellpoint Mortgage Servicing regularly uses the mails and/or the telephones to collect, or attempt to collect, delinquent consumer accounts.

41. Shellpoint is also a "debt collector" in relation to the subject loan because the debt the servicing rights were acquired when the debt was in default, and because Shellpoint was hired to collect the debt after the default.

42. Shellpoint violated 15 U.S.C. §§1692 e(2), e(10), (f), and (d) through its debt collection efforts.

43. Shellpoint violated 15 U.S.C. §1692(e)(2) when it misrepresented the character, amount, or legal status of the subject debts as the subject debts were not owed at the time Shellpoint attempted to collect as the automatic stay was still in full force and effect.

44. Shellpoint violated 15 U.S.C. §1692(e)(10) when it falsely represented that the subject debt was collectible based on the automatic stay being in full force and effect.

7

45. Shellpoint violated 15 U.S.C. §1692(f) by employing unfair and unconscionable means to collect the subject debts as the Plaintiff was protected by the automatic stay.

46. Shellpoint violated 15 U.S.C. §1692 (d) by employing conduct the natural consequence of which was to harass, oppress, or abuse Pamela Booker by collecting even though Pamela Booker was protected by the automatic stay.

47. Given that the underlying subject debt was subject to the automatic stay, Shellpoint had no legal right to attempt to collect the subject debts from Pamela Booker.

48. That the Plaintiff was further damaged by the above actions by that fact Pamela Booker's health suffered because of excessive worry about the property and the property suffered and further deteriorated as a result.

49. The Pamela Booker has expended numerous hours consulting with their attorneys as a result of Shellpoint's deceptive collection actions.

50. Pamela Booker was unduly inconvenienced and harassed by Shellpoint's unlawful attempts to collect a debt.

51. Pamela Booker has suffered emotional distress as a direct consequence of Pamela Booker's unlawful collection practices.

52. As a result of the above violations of the FDCPA, and in consideration of the willful and malicious disregard to the Bankruptcy Code and the automatic stay, Pamela Booker is entitled to an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692.

WHEREFORE, Plaintiffs, PAMELA BOOKER, respectfully requests that this Honorable Court enter judgment and against NEW PENN FINANCIAL, LLC, a Delaware Limited Liability Company d/b/a Shellpoint Mortgage Servicing in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Pamela Booker statutory damages of $1,000 as prescribed by the FDCPA;

c. Awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Awarding Pamela Booker costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## Count II – Violation of The Fair Debt Collection Practices Act

Against MTGLQ INVESTORS, L.P., a Delaware Limited Partnership

53. Pamela Booker repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

54. Pamela Booker is a "consumer" as defined by FDCPA § 1692a(3).

55. The subject debt and related unauthorized fees qualify as a "debt" as defined by FDCPA § 1692a(5) as each arises out of a transaction for personal, family, or household purposes.

56. McCalla is a "debt collector" as defined by FDCPA § 1692a(6) because MTGLQ regularly uses the mails and/or the telephones to collect, or attempt to collect, delinquent consumer accounts.

57. MTGLQ violated 15 U.S.C. §§1692 e(2), e(10), (f), and (d) through its debt collection efforts via its agents Shellpoint and McCalla.

58. MTGLQ via its agents Shellpoint and McCalla violated 15 U.S.C. §1692(e)(2) when it misrepresented the character, amount, or legal status of the subject debts as the subject debts

9

were not owed at the time MTGLQ via its agents Shellpoint and McCalla attempted to collect as the automatic stay was still in full force and effect.

59. MTGLQ via its agents Shellpoint and McCalla violated 15 U.S.C. §1692(e)(10) when it falsely represented that the subject debt was collectible based on the automatic stay being in full force and effect.

60. MTGLQ via its agents Shellpoint and McCalla violated 15 U.S.C. §1692(f) by employing unfair and unconscionable means to collect the subject debts as Pamela Booker was protected by the automatic stay.

61. MTGLQ via its agents Shellpoint and McCalla violated 15 U.S.C. §1692 (d) by employing conduct the natural consequence of which was to harass, oppress, or abuse Pamela Booker by collecting even though Pamela Booker was protected by the automatic stay.

62. Given that the underlying subject debt was subject to the automatic stay, MTGLQ via its agents Shellpoint and McCalla had no legal right to attempt to collect the subject debts from Pamela Booker.

63. That Pamela Booker was further damaged by the above actions by that fact Pamela Booker's health suffered because of excessive worry about the property and the property suffered and further deteriorated as a result.

64. The Pamela Booker has expended numerous hours consulting with their attorneys as a result of Shellpoint's deceptive collection actions.

65. Pamela Booker was unduly inconvenienced and harassed by MTGLQ via its agents Shellpoint and McCalla 's unlawful attempts to collect a debt.

66. Pamela Booker has suffered emotional distress as a direct consequence of Pamela Booker's unlawful collection practices.

67. As a result of the above violations of the FDCPA, and in consideration of the willful and malicious disregard to the Bankruptcy Code and the automatic stay, Pamela Booker is entitled to an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692.

WHEREFORE, Plaintiffs, PAMELA BOOKER, respectfully requests that this Honorable Court enter judgment and against MTGLQ INVESTORS, L.P., a Delaware Limited Partnership in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Pamela Booker statutory damages of $1,000 as prescribed by the FDCPA;

c. Awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Awarding Pamela Booker costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Count III – Violation of The Fair Debt Collection Practices Act**
Against MCCALLA RAYMER LEIBERT PIERCE, LLC, a Georgia Limited Liability Company
f/d/b/a Pierce & Associates, P.C.

68. Pamela Booker repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

69. Pamela Booker is a "consumer" as defined by FDCPA § 1692a(3).

70. The subject debt and related unauthorized fees qualify as a "debt" as defined by FDCPA § 1692a(5) as each arises out of a transaction for personal, family, or household purposes.

71. McCalla is a "debt collector" as defined by FDCPA § 1692a(6) because MTGLQ regularly uses the mails and/or the telephones to collect, or attempt to collect, delinquent consumer accounts.

72. McCalla is also a "debt collector" is a "debt collector" in relation to the subject loan because the debt the ownership rights were acquired when the debt was in default, and because DLJ Mortgage Capital, Inc. acquired the debt after the default.

73. McCalla violated 15 U.S.C. §§1692 e(2), e(10), (f), and (d) through its debt collection efforts.

74. McCalla violated 15 U.S.C. §1692(e)(2) when it misrepresented the character, amount, or legal status of the subject debts as the subject debts were not owed at the time McCalla attempted to collect as the automatic stay was still in full force and effect.

75. McCalla violated 15 U.S.C. §1692(e)(10) when it falsely represented that the subject debt was collectible based on the automatic stay being in full force and effect.

76. McCalla violated 15 U.S.C. §1692(f) by employing unfair and unconscionable means to collect the subject debts as Pamela Booker was protected by the automatic stay.

77. McCalla violated 15 U.S.C. §1692 (d) by employing conduct the natural consequence of which was to harass, oppress, or abuse Pamela Booker by collecting even though Pamela Booker was protected by the automatic stay.

78. Given that the underlying subject debt was subject to the automatic stay, McCalla had no legal right to attempt to collect the subject debts from Pamela Booker.]

79. That Pamela Booker was further damaged by the above actions by that fact Pamela Booker's health suffered because of excessive worry about the property and the property suffered and further deteriorated as a result.

80. The Pamela Booker has expended numerous hours consulting with their attorneys as a result of McCalla's deceptive collection actions.

81. Pamela Booker was unduly inconvenienced and harassed by McCalla's unlawful attempts to collect a debt.

82. Pamela Booker has suffered emotional distress as a direct consequence of Pamela Booker's unlawful collection practices.

83. As a result of the above violations of the FDCPA, and in consideration of the willful and malicious disregard to the Bankruptcy Code and the automatic stay, Pamela Booker is entitled to an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692.

WHEREFORE, Plaintiffs, PAMELA BOOKER, respectfully requests that this Honorable Court enter judgment and against MCCALLA RAYMER LEIBERT PIERCE, LLC, a Georgia Limited Liability Company f/d/b/a Pierce & Associates, P.C.

in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Pamela Booker statutory damages of $1,000 as prescribed by the FDCPA;

c. Awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Awarding Pamela Booker costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Count IV -- Violation of Illinois
<u>Consumer Fraud and Deceptive Business Practices Act</u>**
Against NEW PENN FINANCIAL, LLC, a Delaware Limited Liability Company d/b/a
Shellpoint Mortgage Servicing

84. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

85. Shellpoint violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Plaintiff.

84. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

86. Shellpoint were attempting to collect a debt and the conduct of trade or commerce in the State of Illinois as stated in this Complaint.

87. Shellpoint's demands for payment which were provided for the Notice of Sale represent the use of deception, fraud and false pretense in an attempt to collect a debt that was not subject to collection as a result of the automatic stay and as a result, the actions of Shellpoint were deceptive.

88. Shellpoint intended that Pamela Booker rely on its misrepresentations.

89. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

14

90. As pled above, Pamela Booker was harmed by Shellpoint's unfair and deceptive practices.

91. That Pamela Booker was further damaged by the above actions by that fact Pamela Booker's health suffered because of excessive worry about the property and the property suffered and further deteriorated as a result of a belief that the Defendants' could still take their property away even though subject to the automatic stay.

92. The Pamela Booker has expended numerous hours consulting with their attorneys as a result of Shellpoint's deceptive collection actions.

93. As such, Pamela Booker is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, Pamela Booker, respectfully requests that this Honorable Court enter judgment in their favor and against NEW PENN FINANCIAL, LLC, a Delaware Limited Liability Company d/b/a Shellpoint Mortgage Servicing as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Pamela Booker's actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding the Pamela Booker's costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate

### Count V -- Violation of Illinois Consumer Fraud and Deceptive Business Practices Act

Against 1) MTGLQ INVESTORS, L.P., a Delaware Limited Partnership

94. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

95. MTGLQ violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Pamela Booker.

96. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

97. MTGLQ was attempting to collect a debt and the conduct of trade or commerce in the State of Illinois as stated in this Complaint.

98. MTGLQ's demands for payment which were provided for the Notice of Sale represent the use of deception, fraud and false pretense in an attempt to collect a debt that was not subject to collection as a result of the automatic stay and as a result, the actions of MTGLQ was deceptive.

99. MTGLQ intended that Pamela Booker rely on its misrepresentations.

100. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a

101. As pled above, Pamela Booker was harmed by MTGLQ 's unfair and deceptive practices.

102. That Pamela Booker was further damaged by the above actions by that fact Pamela Booker's health suffered because of excessive worry about the property and the property suffered and further deteriorated as a result of a belief that the Defendants' could still take their property away even though subject to the automatic stay.

16

103. The Pamela Booker has expended numerous hours consulting with their attorneys as a result of MDGLQ's deceptive collection actions.

104. As such, Pamela Booker is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, Pamela Booker, respectfully requests that this Honorable Court enter judgment in their favor and against MTGLQ INVESTORS, L.P., a Delaware Limited Partnership as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Pamela Booker's actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding the Pamela Booker's costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate

Dated: February 27, 2017          Respectfully Submitted,

/s/ Paul M. Bach
Paul M. Bach, Esq. ARDC#6209530
Counsel for Plaintiffs
Bach Law Offices
P.O. Box 1285
Northbrook, IL 60062
Phone (847) 564-0808